IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ISAAC LOVELL WOODSON,

    Petitioner,

v.                                                 CASE NO. 5:13-cv-115-RS-GRJ

N.C. ENGLISH, WARDEN FCI MARIANNA,

    Respondent.

_____/

## ORDER

This cause comes before the Court on Petitioner's "Objection to Order," construed as a motion to disqualify. (Doc. 4.) For the reasons discussed below the motion to disqualify is due to be denied.

Relying upon 28 U.S.C. § 455 Petitioner requests that I disqualify myself from hearing this case because I heard Petitioner's guilty plea in the underlying criminal case. Petitioner alleges that because I heard the guilty plea, I have "personal knowledge of disputed evidentiary fact(s)" related to his claims that his plea was not voluntary because he had a diminished mental capacity, and that he did not receive an adequate mental competency evaluation.

The standard for recusal under § 455(a) is an objective one, requiring a court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v Story*, 225 F. 3d 1234, 1239 (11th Cir. 2000). To satisfy the requirements of § 455(a) a party must offer facts, not merely allegations, that

evidence partiality. *See, United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999)("[a] charge of partiality must be supported by some factual basis ... recusal cannot be based on 'unsupported, irrational or highly tenuous speculation'"). A party should not be permitted to recuse a judge on unsupported, irrational or highly tenuous speculation. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986.) "[I]f this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Id.*

28 U.S.C. § 455(b) states that a judge shall disqualify himself if he has "personal knowledge of disputed evidentiary facts concerning the proceeding." Petitioner does not identify any disputed evidentiary facts regarding which I allegedly have knowledge. Rather, he assumes that because I heard his guilty plea in the earlier case, I must have knowledge of some disputed facts related to his petition. Merely presiding over some or all of an earlier case involving the same litigant is not a proper basis for removal. *Cf. Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("[A]s a general rule, a judge's rulings in the same case are not valid grounds for recusal."); *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993) ("[A] judge's ruling in a related case may not ordinarily serve as the basis for recusal."); *Jaffe v. Grant*, 793 F.2d 1182, 1189 n. 4 (11th Cir. 1986) ("Factual knowledge gained during earlier participation in judicial proceedings involving the same party is not sufficient to require a judge's recusal.").

Petitioner's motion is based upon conjecture and his subjective concern rather than upon any facts whatsoever. Notably, Petitioner does not identify any specific disputed evidentiary facts of which I allegedly have knowledge. Nor does the motion point to any facts or information suggesting bias. "[A] judge's knowledge gleaned from

the judicial proceedings does not constitute 'personal, pervasive bias or prejudice' and will not generally support a request for recusal." *Noel v. United States*, 12 F. Supp. 2d 1300, 1306 (M.D. Fla. 1998) (quoting *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990)).

Therefore, because Petitioner's motion for recusal is based solely upon the fact that I issued rulings in Petitioner's underlying criminal case, which as a matter of law is not a sufficient grounds for recusal, Petitioner has failed to demonstrate that any reasonable individual could entertain significant doubt about the impartiality of the undersigned.

Accordingly, for these reasons, Petitioner's motion to disqualify (Doc. 4) is **DENIED**.

**DONE AND ORDERED** this 13th day of May 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge