IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ISAAC LOVELL WOODSON,

    Petitioner,

v.                                               CASE NO. 5:13-cv-115-RS-GRJ

N.C. ENGLISH, WARDEN FCI MARIANNA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's Second Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 11.) The Court previously ordered Petitioner to refile his petition on the proper Court form, Doc. 3, and to refile again to state whether he had previously filed a motion under 28 U.S.C. § 2255, and to explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction. (Doc. 9.) Petitioner has now filed a complete Second Amended Petition. (Doc. 11.) Because it is clear from the petition that it presents no grounds for relief, the undersigned recommends that the petition be denied.[1]

## Background

In 2005, Petitioner pled guilty in the Middle District of Florida to four counts of conspiracy to distribute cocaine base, aiding and abetting distribution of cocaine base, and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B),

---

[1] Pursuant to Habeas Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent.

841(b)(1)(C), 846, and 18 U.S.C. § 2.  *See United States v. Woodson*, Case No. 5:03-cr-51-WTH-PRL-1, Doc. 91 (06/23/05) (judgment).  Petitioner received a sentence of 292 months imprisonment, and his appeal was dismissed for lack of prosecution. Petitioner filed a variety of post-conviction motions, but never filed a motion for habeas relief under 28 U.S.C. § 2255.

The instant habeas corpus petition asserts that Petitioner's remedy under section 2255 is inadequate or ineffective because section 2255 "is for use to 'Vacate, Set Aside, or Modify a <u>SENTENCE</u>'" and Petitioner is challenging "the <u>FACT</u> of my confinement." (Doc. 11, at 5.)  Petitioner argues that the district court lacked jurisdiction "due to due process denial" because he was denied an adequate psychiatric examination prior to his guilty plea, leading him to enter an involuntary plea; and because the district court had failed to order an examination to determine whether Petitioner was mentally competent at the time of the crime.

## <u>Savings Clause</u>

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application such as this  "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]" Here, Petitioner states that he has failed to apply for relief under § 2255 because he believes that § 2255 is only used for attacking a sentence, whereas § 2241 should be used for attacking a conviction.  Petitioner is incorrect.  "In general, a § 2255 motion will be a federal prisoner's 'primary method of collateral attack' on his *conviction* and sentence after that conviction has become final."  *Santivanez v. Warden, FCC*

2

*Coleman–USP II*, 416 F. App'x 833, 834 (11th Cir. 2011) (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)) (emphasis added). *See also Ramos v. Warden, FCI Jesup*, 502 F. App'x 902, 904 (11th Cir. 2012) (where petitioner sought "to challenge the validity of *his convictions* and sentences, not the execution of his sentences. . . the motion is properly characterized as a § 2255 motion.") (emphasis added).

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the existence of a limitations or other statutory bar cannot mean that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention within the meaning of the savings clause. *Hardy v. United States*, 443 F. App'x 489, 492 (11th Cir. 2011) (quoting *Gilbert v. United States,* 640 F.3d 1293, 1308 (11th Cir. 2011)). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman CI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

While the Eleventh Circuit "has [] shown a willingness to allow a prisoner to bring a § 2241 motion pursuant to the § 2255(e) savings clause if the Supreme Court decided a 'retroactively applicable, circuit law-busting decision' that 'established that he had been convicted of a 'non-existent crime,''" Petitioner has pointed to no such decision in this case. *Hardy*, 443 F. App'x at 493 (quoting *Wofford v. Scott,* 177 F.3d 1236, 1242–45 (11th Cir.1999)).

In light of the fact that Petitioner has not met his burden of demonstrating that the § 2255 remedy was inadequate or ineffective, and has not shown that he is entitled

to invoke the savings clause of § 2255(e), the undersigned concludes that the instant petition is barred.

It is respectfully **RECOMMENDED** that the Second Amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 11, should be **DISMISSED**.

**IN CHAMBERS** this 25th day of June 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**